### DAVIDGE *v.* COE.

*(Superior Court of New York City, General Term. March 4, 1890.)*

APPEAL—PRACTICE—STRIKING CASE FROM CALENDAR.

Upon the failure of an appellant to procure an order filing the case or exceptions, under the rules of the general term of the supreme court, the respondent may procure such order, and it is his duty to do so if he wishes to move that the cause be struck from the calendar, and judgment rendered in his favor.

Motion to dismiss appeal.

Argued before TRUAX and DUGRO, JJ.

*H. S. Snow,* for appellant.    *F. C. Cantine,* for respondent.

TRUAX, J.   Under rule 33, the case must be deemed to be settled because of the failure of the appellant to notify an appearance before the referee, as required by rule 32.   Rule 35 prescribes that where a party makes a case or exceptions he shall procure the same to be filed within 10 days after the same shall have been settled, and that on showing that such case or exceptions have not been filed, and that more than 10 days had elapsed from the date of settlement, an order of course may be entered, declaring the case abandoned, and the party may proceed as if no case or exceptions had been made.   Rule 10 of this court provides that no case or exceptions shall be filed with the clerk of this court unless the same shall have been ordered to be filed by the judge or referee who tried the cause.   I am of the opinion that, in the event of the appellant's failure to procure an order filing the case, the respondent may procure such order, and it is his duty to procure such order in case he wishes to move that the cause be struck from the calendar, and that judgment be rendered in his favor.   The motion before us is a motion to dismiss an appeal.   Such a motion is authorized only on the failure of the appellant, on non-enumerated motion, to serve printed copies of the paper, as required by the general rule of practice.   The motion to dismiss appeal is denied, without costs.